UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID REES | : | CASE NO. _____ |
| 2230 Williams Avenue | : | |
| Cincinnati, OH  45212 | : | Judge _____ |
| | : | |
| Plaintiff | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : | |
| | : | |
| NEWCOMER FUNERAL SERVICE | : | |
| GROUP, INC. | : | |
| 3300 Parkcrest Lane | : | |
| Cincinnati, OH  45211 | : | |
| | : | |
| Defendant. | : | |

## I.  JURISDICTION AND VENUE

1. Plaintiff David Rees ("Plaintiff") is a former employee of Newcomer Funeral Service Group, Inc. ("Defendant").

2. Defendant has been at all material times an employer within the meaning of the Americans With Disabilities Amendments Act ("ADAA"), the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA") and Ohio Revised Code Section 4112.01(A)(2).

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under federal law, specifically the ADAA, the ADEA and the FMLA.

4. This Court has jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. §1367.

5. Defendant does business in Hamilton County, Ohio.

-1-

6.　　　Defendant employed Plaintiff in Hamilton County.

7.　　　The claims alleged herein arose in Hamilton County.

8.　　　Plaintiff suffered damage in Hamilton County as a result of the unlawful conduct of Defendant alleged herein.

## II.  FACTUAL ALLEGATIONS

9.　　　Defendant owns and operates funeral homes.

10.　　Defendant owns and operates three funeral homes in the Tri-State area, two in Cincinnati, Ohio, one in Erlanger, Kentucky.

11.　　Defendant hired Plaintiff on February 2, 2015.

12.　　Plaintiff was employed throughout as Area Manager.

13.　　Plaintiff also performed as a Funeral Director and Embalmer.

14.　　Cressa Chalmers, Divisional Manager, was Plaintiff's immediate supervisor.

15.　　Ms. Chalmers did not participate in the decision to hire Plaintiff.

16.　　Plaintiff performed well throughout his employment with Defendant.

　　　a.　　Plaintiff's performance reviews were consistently positive.

　　　b.　　Plaintiff consistently received merit raises, the most recent shortly before his termination.

　　　c.　　Management singled Plaintiff out to participate in an 18-month program designed to advance him into a higher position with Defendant.

　　　d.　　Plaintiff traveled to Defendant's home office quarterly to participate in leadership training programs and special Defendant-wide projects.

17.     Defendant had throughout Plaintiff's employment an established policy and practice of progressive discipline, whereby an employee who exhibited performance deficiencies would be first warned his continued employment would be in jeopardy if he did not improve and he would then be given an opportunity to correct deficiencies and terminated only if he did not improve.

18.     Specifically, under this policy and practice, an employee who exhibited performance deficiencies would be orally warned to improve his performance and if that oral warning did not result in improved performance, the employee would be warned in writing and if that written warning did not result in improved performance, the employee would be subject to further action, including possible termination of employment.

19.     Plaintiff had while employed at least one "disability" within the meaning of the ADAA and Section 4112.01(A)(13) of the Ohio Revised Code and at least one "serious health condition" within the meaning of the FMLA.  Specifically, Plaintiff had at least one physical impairment that substantially limited at least one of his major life activities and/or he had a record of such an impairment and/or he was regarded as having such an impairment.

20.     For example, Plaintiff has at all material times suffered from diabetes and also a heart condition that has necessitated numerous procedures and a single bypass in 2013.

21.     Plaintiff requested as a reasonable accommodation to be allowed time off work to be treated.

22.     Plaintiff was on vacation on Monday, June 11, 2018 and Tuesday, June 12, 2018 and was to return to work on Wednesday, June 13, 2018.

23.    However, he was admitted to the hospital on Monday, June 11, 2018 and remained in the hospital through Thursday, June 14, 2018.

24.    In June, 2018, Plaintiff informed Defendant, including Ms. Chalmers and Defendant's Human Resources Department, of his "disability" and "serious health condition".

25.    Plaintiff took leave under the Family Medical Leave Act ("FMLA") for his absence from work on Wednesday, June 13, 2018, Thursday, June 14, 2018, and Friday, June 15, 2018.

26.    On July 3, 2018, Ms. Chalmers aggressively questioned Plaintiff about his "disability" and "serious health condition".

27.    While aggressively questioning Plaintiff about his "disability" and "serious health condition", Ms. Chalmers also expressed to Plaintiff certain "concerns" she claimed to have with his performance.

28.    Ms. Chalmers had not expressed these "concerns" to Plaintiff before July 3, 2018.

29.    During this meeting, when she aggressively questioned Plaintiff about his "disability" and "serious health condition" and expressed "concerns", Ms. Chalmers told Plaintiff she wanted him to think about her "concerns" and to meet her again on July 6, 2018 to explain how he intended to "fix" them.

30.    The alleged "concerns" Ms. Chalmers expressed were easily correctible.

31.    Nevertheless, on July 6, 2018, Ms. Chalmers met Plaintiff but did not address his thoughts on how to "fix" her alleged "concerns" but rather terminated his employment.

32.    When terminating his employment, Ms. Chalmers told Plaintiff she had talked to Warren "Ren" Newcomer, President and CEO, and Perry Hasselbeck, Director of Operations, and she then told Plaintiff "we've decided that we are not moving forward."

-4-

33.     Ms. Chalmers did not give Plaintiff a reason for the decision to terminate his employment.

34.     At no time before July 3, 2018 did any member of Defendant's management, including Ms. Chalmers, suggest to Plaintiff, much less warn him, that his continued employment was in jeopardy, or that he had to either correct alleged performance deficiencies or face further consequences, including possible termination of employment.

35.     Plaintiff was 56 years old when terminated.

36.     Plaintiff was replaced by Mark Ratliff.

37.     Mr. Ratliff is substantially younger than Plaintiff.

38.     Defendant discriminated against Plaintiff and terminated his employment because of "disability".

39.     Defendant discriminated against Plaintiff, denied him employment opportunities, and terminated his employment because of the need to make reasonable accommodation to the impairments related to his "disability".

40.     Defendant discriminated against Plaintiff and terminated his employment for taking FMLA leave.

41.     Plaintiff's taking FMLA leave was a determining factor in the decision to terminate his employment.

42.     Defendant discriminated against Plaintiff and terminated his employment because of age.

43. On or about February 26, 2019, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination alleging Defendant had discriminated against him because of "disability" and age.

44. On or about September 5, 2019, the EEOC issued a Notice of Right to Sue with respect to Plaintiff's Charge of Discrimination.

45. Plaintiff received the Notice of Right to Sue after September 5, 2019.

46. All conditions precedent to the maintenance of this action have been satisfied or have occurred.

47. The discrimination and wrongful conduct alleged herein was willful, wanton and malicious and was done in gross and reckless disregard of Plaintiff's legal and employment rights.

48. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer loss of pay and benefits, mental and emotional anguish and distress, humiliation, and embarrassment.

## COUNT I
### (ADAA)
### (Disability Discrimination)

49. Plaintiff realleges paragraphs 1 through 48 of this Complaint.

50. By discriminating against Plaintiff and terminating his employment because of "disability", Defendant violated the ADAA.

**COUNT II**
**(ADAA)**
**(Disability Discrimination/Need to Accommodate)**

51.     Plaintiff realleges paragraphs 1 through 50 of this Complaint.

52.     By discriminating against Plaintiff, denying him employment opportunities and terminating his employment because of the need to make reasonable accommodation to the impairments related to his "disability", Defendant violated the ADAA.

**COUNT III**
**(Section 4112.99)**
**(Disability Discrimination)**

53.     Plaintiff realleges paragraphs 1 through 52 of this Complaint.

54.     By discriminating against Plaintiff and taking the actions alleged in Paragraphs 38 to 39, Defendant violated Section 4112.02(A) of the Ohio Revised Code and is subject to this civil action pursuant to Section 4112.99 of the Ohio Revised Code.

**COUNT IV**
**(ADEA)**
**(Age Discrimination)**

55.     Plaintiff realleges paragraphs 1 through 54 of this Complaint.

56.     By discriminating against Plaintiff and terminating his employment because of age, Defendant violated the ADEA.

**COUNT V**
**(FMLA)**

57.     Plaintiff realleges paragraphs 1 through 56 of this Complaint.

58.     By discriminating against Plaintiff and terminating his employment for taking FMLA leave, as alleged herein, Defendant violated the FMLA and interfered with, restrained and

denied Plaintiff the exercise of his rights under the FMLA as stated therein and in the regulations of the Secretary of Labor.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined at trial.  Plaintiff seeks to recover in this action back pay and lost benefits, liquidated damages, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, pre and post-judgment interest, attorneys fees and litigation costs and expenses, and all other legal, equitable and declaratory relief to which he is entitled.

Respectfully submitted,

*/s/  Martin McHenry*
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
414 Walnut Street, Suite 315
Cincinnati, OH  45202
Phone:  513-241-0441
e-mail:  martinm@mmchenrylaw.com

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Respectfully submitted,

*/s/ Martin McHenry*
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
414 Walnut Street, Suite 315
Cincinnati, OH  45202
Phone:  513-241-0441
e-mail:  martinm@mmchenrylaw.com

-9-