UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID REES | : | CASE NO. 1:19-CV-828 |
| | : | |
| Plaintiff | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | **PLAINTIFF'S SUR-REPLY TO** |
| | : | **DEFENDANT'S REPLY (DOC. 51)** |
| NEWCOMER FUNERAL SERVICE | : | |
| GROUP, INC. | : | |
| | : | |
| Defendant. | : | |

## I. ARGUMENT

**Defendant Has Misapplied The Law Applicable To So-Called "Sham Affidavits."**

Defendant seeks to have this Court "strike" Plaintiff's Declaration in its entirety. (Doc. 51, PageID #1230)

This request ignores Defendant's burden: Defendant must specifically identify the allegedly objectionable matter in the Declaration and then explain why that specific matter is objectionable under the law. "It is Defendants' obligation to specifically identify which statements in the affidavit should be struck." *Wilson v. Budco*, 762 F. Supp.2d 1047, 1058 (E.D. Mich. 2011) (citations omitted). *See also Edmondson v. Bell*, 221 U.S. Dist. LEXIS 97774 at *7 (W.D. Ky. 2021) ("Thus the court will strike 'only the inadmissible portions' of the affidavit that Defendants directly address.") (citations omitted).

Similarly, a court should use "a scalpel, not a butcher knife" in striking inadmissible portions of an affidavit." *Johnson v. Donahoe*, 642 Fed. Appx. 599, 602 (6th Cir. 2016) (citations omitted).

**EXHIBIT A**

> Defendant bears a heavy burden under the sham affidavit doctrine:
>
> Under the *Sham* affidavit doctrine, after a motion for summary judgment has been made, a party may not file an affidavit that contradicts his earlier sworn testimony. If the affidavit <u>directly</u> contradicts prior sworn testimony, it should be stricken 'unless the party opposing summary judgment provides a persuasive justification for the contradiction.' If the affidavit does not <u>directly</u> contradict prior sworn testimony, it should be stricken <u>if it is 'an attempt to create a sham fact issue</u>.'

*France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016) (emphasis added).

Thus, any alleged "contradiction" must be "direct". Sixth Circuit "precedents suggest 'a relatively narrow definition of contradiction.'" *Edmondson*, 2021 U.S. Dist. LEXIS at *8 (citing *Reich v. City of Elizabethtown*, 945 F.3d 968, 976 (6th Cir. 2019) (quoting *Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006). The Supreme Court has also endorsed a narrow definition of the "contradiction" needed to support a sham affidavit argument. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) ("<u>flatly contradicts </u>that party's earlier sworn deposition") (emphasis added).

Defendant's burden is even heavier with respect to establishing Plaintiff's Declaration is an attempt "to create a sham fact issue." *France*, 836 F.3d at 622. "[T]he presumption is reversed: The affidavit will not be stricken unless the Court determines that the affidavit 'constitutes an attempt to create a sham fact issue.'" *Mason v. United States*, 2022 U.S. Dist. LEXIS 129533 at *13 (M.D. Tenn. 2022) (quoting *Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 908 (6th Cir. 2006)).

To meet this burden, Defendant must establish Plaintiff was questioned about the alleged "sham fact issue" and his testimony in response to that questioning foreclosed the "issue" from being reopened in an affidavit. General questioning around the "issue" is insufficient. Unless Defendant precisely and exhaustively questioned him about the "issue", Plaintiff is permitted to

-2-

supplement or clarify the "issue" in his Declaration. *See Edmondson v. Bell*, 2021 U.S. Dist. LEXIS 97774 at *15 (W.D. Ky. 2021) ("The sham affidavit rule does not prevent a party 'who was not directly questioned about an issue from supplementing incomplete deposition testimony with a sworn affidavit. Such an affidavit fills a gap left open by the moving party and thus provides the district court with more information, rather than less, at the crucial summary judgment stage.'"). *See also Mason v. United States*, 2022 U.S. Dist. LEXIS 129533 at *13 (M.D. Tenn. 2022) ("Importantly, in cases where a witness is not asked about an event, or only asked general questions, the witness is under no obligation to volunteer all the details of the event and his or her failure to do so may not be used to invoke the Sham Affidavit Doctrine.") (citing *Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006) and *Crawford v. Chipotle*, 773 F. App'x 822, 826 (6th Cir. 2019)).

The Sixth Circuit has so held repeatedly:

In *Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899 (6th Cir. 2016), it stated:

> This is a far cry, however, from preventing a party who was not directly questioned about an issue from supplementing incomplete deposition testimony with a sworn affidavit. Such an affidavit fills a gap left open by the moving party and thus provides the district court with more information, rather than less, at the crucial summary judgment stage. Because the deponent is under no obligation to volunteer information not fairly sought by the questioner, we see no reason to apply *Reid* and its progeny to such a situation….

*Id*. at 907 (emphasis added).

Similarly, in *Crawford v. Chipotle Mexican Grill, Inc*., 773 Fed. Appx. 822 (6th Cir. 2019), the Sixth Circuit stated:

> Chipotle's questions were simply not focused enough for Chipotle to now invoke the sham affidavit doctrine. In fact, even in a case where a deponent 'was questioned generally' about a specific conversation, we allowed a later affidavit adding additional information because 'he was not expressly asked what had been said in the conversation, and so 'was not under any obligation to volunteer everything … said.'

-3-

*Id*. at 826 (emphasis added). *See also Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006).

Turning now to the Defendant's challenge to Plaintiff's Declaration:

Defendant has challenged only paragraphs 2, 5, 7, 8, 9, and 11 of Plaintiff's Declaration. (Doc. 51 at PageID #1231) Defendant does not specify which parts of these paragraphs are allegedly objectionable.

Plaintiff submits this Court should not use a "scalpel" on any part of these paragraphs.[1/] *Johnson v. Donahoe*, 642 Fed. Appx. 599, 602 (6th Cir. 2016).

Paragraph 2 of Plaintiff's Declaration states in full:

At no time before July 3, 2018 did Cressa Chalmers or any other member of Defendant's management tell me I was not performing adequately the duties and responsibilities set forth in my job description. That job description is Deposition Exhibit 16. They certainly did not tell me, either orally or in writing, that my performance was such that my continued employment was in jeopardy.

(Pl. Dec., Doc. 46-1, PageID 1073) (emphasis added). In support of its position, Defendant cites page 82 line 11 to page 86 line 22 and page 120 line 11 to page 122 line 9 of Plaintiff's deposition (Doc. 34, PageID 222-226, 260-262).

The cited testimony does not begin to support Defendant's position that Plaintiff acknowledged in his deposition "that there were ongoing discussions with Cressa Chalmers and Perry Hasselbeck regarding Plaintiff's deficiencies in growing the Cincinnati marker (sic)", much less establish Paragraph 2 "directly contradicts" that testimony. *France v. Lucas*, 836 F.3d at 622. Pages 82 line 11 to 86 line 22 of Plaintiff's deposition reflect there were ongoing discussions

---

[1/] Defendant cites the deposition testimony upon which it relies to support its sham affidavit position indirectly: It references in its Reply its "Supplemental Proposed Undisputed Facts" (Doc. 51-2), which in turn reference pages and lines of Plaintiff's deposition testimony.

regarding the challenges faced in growing the Cincinnati market, those challenges being peculiar to the market itself. Of course, Chalmers, Hasselbeck and Plaintiff, as well as the location managers, discussed ways in which to grow the market, including various "outreach" activities. These discussions, however, do not support Defendant's position they reflected "Plaintiff's deficiencies in growing the Cincinnati marker (sic)." (Def. Reply Memo., Doc. 51, PageID #1231) To the contrary: Plaintiff's deposition testimony reveals his diligent and ongoing efforts to grow the market and Chalmers' and Hasselbeck's satisfaction with his performance in that regard because they knew he was indeed "beating the bushes" to grow the market. (Pl. Dep., 86 ll.6-15, Doc. 34, PageID #226)

     Defendant's reference to "a complaint made by Greg Jackson" does not support Defendant's position regarding paragraph 2. Rather it supports Plaintiff's position that Defendant's reliance on this complaint is yet further evidence of pretext. Nothing in the deposition testimony cited by Defendant, page 120 line 11 to page 122 line 9 (Doc. 34, Page ID 260-261), supports Defendant's position that Chalmers told Plaintiff she believed Jackson's complaint reflected poorly on his (Plaintiff's) performance. This is not surprising: According to Defendant, Chalmers responded to alleged employee complaints in November 2017, not by addressing them with Plaintiff in accordance with the performance-improvement practice endorsed by Lawson, or by disciplining him formally. Rather she gave him in February 2018 a glowing performance review in which she specifically identified as one of his "strengths" his "[l]eadership with your team …." (Memo. In Opp., Doc. 49, PageID #1178)

     Turning now to paragraph 5 of Plaintiff's Declaration, relating to the description and implementation of Defendant's "established practice" of addressing performance concerns, as

-5-

described and implemented by Lawson, and further relating to Chalmers' failure to act "in accordance with the practice preached and implemented by Lawson":

Defendant cites only page 54 lines 8-16 (Pl. Dep., Doc. 34, PageID #194)and page 59 lines 19-24 (Pl. Dep., Doc. 34, PageID #199).  Paragraph 5 of Plaintiff's Declaration certainly does not "directly contradict" this testimony.  *France*, 836 F.3d at 622.

First, paragraph 5 expressly distinguishes between the "established practice" endorsed and implemented by Human Resources from "Defendant's corrective action policy," Deposition Exhibit 13.  According to paragraph 5, Defendant, like any organization, had in place formal written policies and, as confirmed by Lawson, unwritten practices commonly followed and expected.

Second, Defendant has not explained, nor can it, how paragraph 5 "directly contradicts" page 54 lines 8-16 of his deposition.  (Pl. Dep., Doc. 34, PageID #194)  In response to a general question about Defendant not having "a set progressive discipline policy" and "everything" being "evaluated on its own", Plaintiff testified that "each circumstance was evaluated on its own" and "involving our HR partner immediately."  There is simply no contradiction, much less "direct" contradiction, between these five lines of deposition testimony and paragraph 5 of Plaintiff's Declaration.

Third, page 59 lines 19-24 relate to "initial training for management-oriented employees".  This testimony does not address the nature of that "initial training", much less suggest it was inconsistent with the "established practice" described in paragraph 5.  Again, no contradiction, much less "direct" contradiction.

Defendant's challenge to paragraphs 7, 8, 9 and 11 of Plaintiff's Declaration reflect its fundamental misunderstanding of the sham affidavit doctrine. The doctrine comes into play if and only if there is tension between deposition testimony and a subsequent affidavit. *See France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016). Accordingly, it was incumbent upon Defendant to cite to Plaintiff's deposition testimony creating such tension. Defendant did not cite any such testimony. Its "sham affidavit" challenge to these paragraphs of Plaintiff's Declaration must therefore be rejected.

Defendant nevertheless argues these paragraphs should be ignored as a "sham" because they reflect nothing but Plaintiff's personal "opinion" of his performance. This argument mischaracterizes the substance of these paragraphs in order to minimize their significance.

First, the performance "opinion" in these paragraphs is that of Chalmers, not Plaintiff: These paragraphs reflect her documented satisfaction with Plaintiff, his performance and relationship with his "team".

Second, these paragraphs reflect Plaintiff's actions, not "opinion": When he received recommendations or suggestions from Chalmers or others in upper-management, he responded to them.

Third, and most important, these paragraphs reflect the inaction of Chalmers and others in upper-management: At no time did they inform Plaintiff his efforts to respond to their recommendations and suggestions were unsatisfactory.

These paragraphs are not as Defendant alleges "irrelevant". (Pl. Dec., Doc. 51, Page ID 1232) They are directly relevant to Defendant's attempt to hide behind the "honest belief rule". Defendant invoked this rule in its memorandum in support of its motion for summary judgment.

(*See* Doc. 42 PageID #844) In support of this position, Defendant proposed as an "undisputed fact": "Management determined that progressive discipline would not remedy the concerns." (MSJ, Doc. 42-2 ¶35 PageID #972) (emphasis added) The actions of Plaintiff, and the inactions of his superiors in response to them, reflected in these paragraphs of Plaintiff's Declaration put the lie to Defendant's position that it had an "honest belief" that action short of termination "would not remedy the concerns." (MSJ, Doc. 42-2, ¶35, PageID #972) So how could "management" have "honestly believed" action short of termination would not "remedy [its alleged] concerns" when Plaintiff had by all appearances, including the failure of "management" to contend otherwise, responded positively to "management's" suggestions and recommendations? When it had not even tried lesser disciplinary action, such as a written warning or a suspension, to "remedy [their alleged] concerns"? A jury could certainly rejected such a proffered "honest belief" as a litigation pose.

## II. CONCLUSION

For the foregoing reasons, this Court should not strike or disregard any of the matter in Plaintiff's Declaration.

            Respectfully submitted,

            */s/ Martin McHenry*
            **MARTIN McHENRY (0022543)**
            Trial Attorney for Plaintiff
            5856 Glenway Avenue
            Cincinnati, OH 45238
            Phone: 513-241-0441
            e-mail: martinm@mmchenrylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Peter A. Saba, Esq. and Joshua M. Smith, Esq., Stagnaro, Saba & Patterson Co., L.P.A., 2623 Erie Avenue, Cincinnati, Ohio 45208 and Stephen D. Lanterman, Esq., Sloan, Eisenbarth, Glassman, McEntire & Jarboe, LLC, 534 S. Kansas Ave. Ste. 1000, Topeka, KS 66603.

*/s/ Martin McHenry*
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff